# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 Silver Spring, MD 20910<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, UNITED STATES FOREST SERVICE 1400 Independence Ave, SW Washington, D.C. 20250<br><br>*Defendant*. | Civil Action No. 17-1587<br><br>**COMPLAINT** |

## PRELIMINARY STATEMENT

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Forest Service ("USFS") of the United States Department of Agriculture ("USDA") to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA request.

2. Plaintiff is a non-profit organization dedicated to research and public education concerning the activities and operations of federal, state, and local governments.

3. On March 29, 2017, Plaintiff sent a FOIA request seeking records relating to the commercial stewardship timber sales in the Tongass National Forest.

4. The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of

government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

5. The FOIA requires agencies to determine whether to comply with the request within 20 working days after the receipt of any FOIA request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may extend this time period only in "unusual circumstances" and then only for a maximum of ten additional working days. 5 U.S.C. § 552(a)(6)(B)(i).

6. To date, Defendant has failed to produce any records in response to Plaintiff's March 29, 2017 FOIA request, No. 2017-FS-WO-034998-F.

7. Defendant's conduct is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA request. The USFS is frustrating Plaintiff's efforts to verify widespread reports of fraud and mismanagement surrounding commercial stewardship timber sales within the Tongass National Forest.

8. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

10. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

11.     This Court is a proper venue because Defendant is a government agent that resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1) (where defendant is the government or a government agent, a civil action may be brought in the district where the defendant resides). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

12.     This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

13.     Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

14.     Among other public interest projects, PEER engages in advocacy, research, education, and litigation to promote public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the PEER newsletter.

15.     Defendant, USFS, is an agency as defined by 5 U.S.C. § 552(f)(1).

16.     Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

## STATEMENT OF FACTS

18.     On March 29, 2017 Plaintiff PEER filed a FOIA request with the USDA requesting information on commercial stewardship timber sales in the Tongass National Forest. Specifically Plaintiff requested:

- *Records detailing all appraisal program processes used to arrive at fair market value (selling values by species, logging costs, profit and risk percentage used, manufacturing costs, production rates etc.);*

- *Records reflecting the identity of the U.S. Forest Service (USFS) official(s) who issued the appraisal of record;*

- *Appraisal program updates, manual updates, handbook updates, letters of direction, agreements, meeting notes, emails, correspondence, internal and external to current for all residual value appraised timber sales and any and all correspondence used in the cost collection process; and*

- *Harvest inspection reports for all helicopter units pertaining to DXPRE prescription and any modifications to any timber sale contracts.*

19.     In a letter to Plaintiff dated April 5, 2017, Defendant assigned the request the number 2017-FS-WO-03321-F.  In the letter, the Defendant replied that the request was "too broad in scope or did not specifically identify the records which you are seeking." Defendant asked that Plaintiff resubmit a perfected request within 20 days.  Defendant announced that a determination of Plaintiff's fee waiver request would be held in abeyance until Plaintiff's request is perfected.

19.     On April 6, 2017 through both telephone conversation and email exchanges, the request was perfected to the satisfaction of Defendant.  The specifics of the request were explained as follows:

- *"Records detailing all appraisal program processes used to arrive at fair market value (selling values by species, logging costs, profit and risk percentage used, manufacturing costs, production rates etc.)"; We simply want to know the basis USFS used for deciding how to appraise these timber sales. We list the elements of an appraisal as a further clarification so there be no misunderstanding as to what we are seeking.*

- *"Records reflecting the identity of the U.S. Forest Service (USFS) official(s) who issued the appraisal of record"; Here we want to know who the delegated USFS official is who signs off on these appraisals.*

- *"Appraisal program updates, manual updates, handbook updates, letters of direction, agreements, meeting notes, emails, correspondence, internal and external to current for all residual value appraised timber sales and any and all correspondence used in the cost collection process"; Here we are trying to determine if potential purchasers played a role in negotiating appraisals--hence the request for "agreements, meeting notes [and correspondence." Further, we want to see the results of that lobbying – if any – by asking for any "updates" in the appraisal program, manual, handbook and for any letters of direction. Note further that the scope of this request covers a limited period of time -- 2008 to present. (Note: you are interested in substantive e-mails only and are excluding e-mails such as Forest Service employees discussing whether they can attend a meeting on a particular day. You are particularly interested in <u>e-mails between the Forest Service and outside purchasers</u> and <u>internal e-mails discussing the appraisal</u>)*

- *"Harvest inspection reports for all helicopter units pertaining to DXPRE prescription and any modifications to any timber sale contracts."* (As it relates to **stewardship** timber sales).

20. On April 6, 2017 both parties agreed to the above elaboration and characterization of the request as evidenced by the Executive Director of PEER's reply to Assistant Director Lasko: "Indeed you have captured our conversation's content. I hope this clarification allows us to proceed with this request." In response, Assistant Director Lasko replied: "Great, thank you. I'll start the search and contact you if I run into any issues along the way."

21. On April 7, 2017 Plaintiff received an acknowledgment of its request, which was assigned the new number 2017-FS-WO-03498-F.

22. Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant had twenty working days from the date of receipt to respond, 7 C.F.R. § 1.7.

23. Twenty working days from March 29, 2017 (the date of Plaintiff's initial request) was April 26, 2017. Twenty working days from April 5, 2017 (date of Defendant's initial receipt of the request) was May 3, 2017. Twenty working days from April 7, 2017 (date of Defendant's receipt of what Defendant considered a perfected request) was May 5, 2017. As of this August 7, 2017 filing, Plaintiff has not received any records responsive to its March 29, 2017 FOIA request, nor any word from Defendant.

24. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted its administrative remedies for its June 13, 2017 FOIA request, PEER now turns to this Court to

enforce the FOIA's guarantee of public access to agency records, along with the remedies available when an agency withholds that access.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

25. Plaintiff re-alleges and incorporates by reference each and every allegation in the preceding paragraphs.

26. Defendant's failure to disclose the records requested under Request No. 2017-FS-WO-03498 within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of the FOIA, 5 U.S.C. § 552, and the USDA's regulations promulgated thereunder, 7 C.F.R. § 1.1 *et seq*.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

   i. Enter an order declaring that Defendant wrongfully withheld requested agency records;
  ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;
 iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every order of this Court;
  iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and
   v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on August 7, 2017**,** 2017,

  /s/
Paula Dinerstein
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337

*Counsel for Plaintiff*